■ In the Matter of HENRY MCCOY, JR., et al., Respondents, v CYNTHIA JENKINS, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of CYNTHIA JENKINS, Appellant, v ARCHIE SPIGNER et al., Respondents, et al., Respondent. (Proceeding No. 2.) [661 NYS2d 264] —In related proceedings to invalidate and validate a petition designating Cynthia Jenkins as a candidate in a primary election to be held on September 9, 1997, for the nomination of the Democratic Party as its candidate for the public office of City Council Member 27th Council District, Queens County, the appeal is from a judgment of the Supreme Court, Queens County (Golia, J.), dated August 14, 1997, which, after a nonjury trial, granted the petition to invalidate in Proceeding No. 1 and denied the petition to validate in Proceeding No. 2.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly granted the petition to invalidate the petition designating Cynthia Jenkins as a candidate in the primary election for the nomination of the Democratic Party as its candidate for the public office of City Council Member 27th Council District, Queens County. At trial, the notary public who witnessed the signatures to the designating petition refused to answer questions concerning the administration of the oath to the signatories and when asked if he committed forgery, replied that he could not recall. In addition, several other inquiries were made of this witness which were highly pertinent to the alleged irregularities of his actions, for which he professed no recollection, all of which supports the trial court's determination as to this witness' lack of credibility.

Since the invalidation of the signatures collected by this individual results in the number of valid signatures falling below the 900 required by statute, the designating petition was properly declared to be invalid *(see,* Election Law § 6-136 [2] [c-1]; *Matter of Zunno v Fein,* 175 AD2d 935). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.